IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **FIRST MARINER BANK,** | * | |
| **1501 South Clinton Street** | | |
| **Baltimore, Maryland 21224** | * | |
| | | |
| **Plaintiff,** | * | **CASE NO.: 1:12-cv-1133** |
| | | |
| **v.** | * | |
| | | |
| **THE RESOLUTION LAW GROUP, P.C.,** | * | |
| **500 West Putnam Avenue, Suite 400** | | |
| **Greenwich, Connecticut 06830** | * | |
| | | |
| <u>**Serve Upon:**</u> | * | |
| **Robert Broderick** | | |
| **500 West Putnam Avenue, Suite 400** | * | |
| **Greenwich, Connecticut 06830** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT FOR FALSE ADVERTISING, INJURIOUS FALSHOOD,
DEFAMATION AND UNFAIR COMPETITION**

Plaintiff First Mariner Bank ("First Mariner"), by its undersigned counsel, brings this

Complaint against Defendant The Resolution Law Group, P.C. ("RLG") and pleads and alleges

as follows:

**I.
NATURE OF THE ACTION**

1.      This is an action for (1) false advertising in violation of the Lanham Act, 15

U.S.C. § 1125(a), (2) injurious falsehood, (3) defamation and (4) unfair competition.

**II.
THE PARTIES**

2.      First Mariner is a Maryland corporation with its principal place of business

located at 1501 South Clinton Street, Baltimore, Maryland 21224.  First Mariner engages in the

commercial and retail banking business, which business includes, but is not necessarily limited to, offering and providing traditional banking and mortgage services and products.

3.     RLG is a Connecticut professional corporation with its principal place of business located at 500 West Putnam Avenue, Greenwich, Connecticut 06830.  RLG is a law firm.  Its website boasts that RLG represents clients in "national cases" and multi-district litigation.  RLG advertises, promotes and sells its services, and distributes direct-marketing materials in Maryland.

## III.
## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over First Mariner's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 in that this case arises under the Lanham Act (15 U.S.C. § 1125(a)).  This Court also has subject matter jurisdiction over all counts pursuant to 28 U.S.C. § 1332 in that First Mariner is of diverse citizenship from RLG and the amount in controversy between the parties exceeds $75,000, exclusive of interest and costs.  This Court may also exercise its supplemental jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367(a).

5.     Personal jurisdiction in this judicial district over RLG is proper pursuant to Maryland's Courts & Judicial Proceedings Article § 6-103(a) and (b)(1), (2), (3) and (4) and the Due Process Clause of the Fifth Amendment and Fourteenth Amendment on the basis that RLG regularly solicits and conducts business with Maryland residents by, *inter alia*, targeting of and soliciting the business of Maryland residents by mail containing false, misleading and unlawful marketing materials.  These mailings are made by RLG  with the express intent and design to obtain business from Maryland residents.  As such, RLG regularly, continuously and habitually avails itself of the benefits and protections of the laws of this State.

2

6.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) in that

RLG regularly solicits and conducts business with residents of this District and purposefully

markets and directs its false, misleading and unlawful marketing materials and solicitations to

residents of this District by way of conduct including, but not necessarily limited to, direct

targeting of those residents by mail and soliciting their business with RLG's false, misleading

and unlawful marketing materials and solicitations.  RLG's false, misleading and unlawful

marketing materials and solicitations are likely to cause confusion among residents of this

District.

## IV.
## STATEMENT OF PERTINENT FACTS

7.     First Mariner has spent substantial monies advertising and promoting its financial

services and, as a result, First Mariner's business is well known and has come to signify

excellence based on the consistent high quality and dependability of First Mariner's financial

services and products.

8.     First Mariner recently learned that one of its customers who resides in Maryland

received from RLG by direct mail an advertisement dated April 6, 2012 containing false and

misleading statements about First Mariner's business.  Attached hereto as Exhibit A is a fair and

accurate copy of the advertisement (hereinafter "Advertisement").

9.     In the Advertisement, RLG states:

Our office is intending to file a claim against your lender First Mariner Bk aimed
at improper lender actions.  Records indicate that you may be a potential plaintiff
in a national lawsuit.  It is imperative that you contact our offices immediately.
To learn more or opt in, CALL **800-423-5120**.

Ex. A (emphasis in original).

10.     RLG's Advertisement goes on to provide "Case Details" about the "National Lawsuit" including, among others, "Investigation of Potentially Fraudulent Mortgage Note" and "Multiple Claims of Fraud and Misrepresentation." *Id.*

11.     RLG's statements in its Advertisement concerning First Mariner's business are false.

12.     First Mariner does not engage in fraudulent, improper lender activity and the products it provides and offers to its customers are not potentially fraudulent.

13.     RLG's conduct in preparing and mailing the Advertisement containing the false and misleading statements was undertaken with a malicious intent to injure First Mariner's business and goodwill, and to induce the targeted recipient of the Advertisement to call RLG about mortgage reduction services offered by RLG.

14.     Upon information and belief, given the contents and arrangement of the Advertisement, RLG has targeted other First Mariner customers with the Advertisement and/or other advertisements that contain similar or identical false and misleading statements.

## COUNT I
## FALSE ADVERTISING
## 15 U.S.C. § 1125(a)

15.     First Mariner repeats and realleges each of the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16.     RLG has engaged in unfair and deceptive trade practices through false advertising and commercial promotion as evidenced in Exhibit A.

17.     The advertising statements and representations made by RLG and described herein are expressly or implicitly false and misleading statements regarding the services and products provided and offered by First Mariner.

4

18.     RLG's advertising statements and misrepresentations are likely to confuse and deceive consumers, and to unfairly influence purchasing decisions in RLG's favor because the statements misrepresent the true nature, characteristics and qualities of the services and products provided and offered by First Mariner.

19.     RLG's deception is material and is likely to influence the purchasing decisions of consumers.

20.     RLG's false and misleading statements and misrepresentations were and are made in interstate commerce via direct mail advertising directed to Maryland residents and customers of First Mariner for purposes of generating business to RLG.

21.     By way of RLG's unlawful acts and activities complained of herein, First Mariner has incurred, and will likely continue to incur, substantial commercial injury in the form of lost sales, loss of market share, and damage to reputation and goodwill in an amount difficult to ascertain.

22.     First Mariner has no adequate remedy at law and has suffered, and will continue to suffer, irreparable injury.

## COUNT II
## INJURIOUS FALSEHOOD

23.     First Mariner repeats and realleges each of the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

24.     RLG has published statements that First Mariner has engaged in "improper lender actions" and that its products are "Potentially Fraudulent."

25.     RLG made these statements knowing them to be false.

26.     RLG's false statements disparage the quality of the services and products provided and offered by First Mariner, and in turn disparage First Mariner's business and goodwill, with the aim to induce consumers and others not to deal with First Mariner.

27.     When making the false statements, RLG acted with malice and intent to harm First Mariner.

28.     As a direct and proximate result of RLG's false statements, First Mariner's goodwill and the vendibility and value of the services and products it provides and offers to its customers have been impaired.  As a direct and proximate result of RLG's false statements, First Mariner is compelled, required and left with no choice but to take immediate and counteractive measures that have resulted in pecuniary loss to First Mariner including, but not limited to, the costs and expenses in pursuing this litigation to clear its name and counteract the ill effects of RLG's unlawful conduct.

## COUNT III
## DEFAMATION

29.     First Mariner repeats and realleges each of the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

30.     RLG has published false and defamatory statements to First Mariner's customers stating that First Mariner has engaged in "improper lender actions" and that its products are "Potentially Fraudulent."

31.     These statements amount to defamation *per se* because (1) these statements are injurious to First Mariner's business and adversely reflect on its fitness to conduct its business; and (2) accuse First Mariner of conduct punishable as a crime.

32.     RLG made these false and defamatory statements knowing them to be false and with a malicious intent to injure First Mariner's business and goodwill, and to induce First Mariner's customers to call RLG about mortgage reduction services offered by RLG.

33.     In the alternative, RLG published these statements carelessly and without the reasonable care that a prudent person would exercise.

6

34.     As a direct and proximate result of RLG's false and defamatory statements, First Mariner's goodwill, reputation and standing in the community were, and continue to be, harmed and First Mariner has incurred, and will likely continue to incur, substantial commercial injury in the form of lost sales, loss of market share, damage to reputation and goodwill in an amount difficult to ascertain, and the expense related to clearing its good name through this necessary litigation.

**COUNT IV**
**UNFAIR COMPETITION**

35.     First Mariner repeats and realleges each of the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

36.     RLG's false and misleading statements in its Advertisement were calculated to deceive First Mariner's customers and induce the customers to engage in business dealings with RLG.

37.     RLG made the false and misleading statements knowing them to be false.

38.     By way of RLG's unlawful acts and activities complained of herein, First Mariner has incurred, and will likely continue to incur, substantial commercial injury in the form of lost sales, loss of market share, and damage to reputation and goodwill in an amount difficult to ascertain.

39.     First Mariner has no adequate remedy at law and has suffered, and will continue to suffer, irreparable injury.

**PRAYER FOR RELIEF**

WHEREFORE, First Mariner prays for relief against RLG as follows:

A.     That the Court grant preliminary and permanent injunctive relief pursuant to the powers granted it under 15 U.S.C. § 1116(a), enjoining and restraining RLG, its agents, servants,

7

employees and all persons acting for it, from making any false or misleading statements in advertising or promotional material, including but not limited to assertions that First Mariner engages in improper lender actions and that First Mariner's products are potentially fraudulent;

B.     That RLG be required to account for and pay to First Mariner all profits derived by RLG from services it has sold to any person who read RLG's false advertisements, and for all other damages sustained by First Mariner by reason of RLG's acts of false advertising and unfair competition complained of herein, pursuant to the provisions of 15 U.S.C. § 1117 and as otherwise permitted by law;

C.     That RLG be required to pay to First Mariner an amount for corrective advertising necessary to dispel RLG's false messages, a sum of money at least equivalent to that spent by RLG to create and disseminate its false advertisements;

D.     That the Court award First Mariner's attorneys' fees pursuant to 15 U.S.C. § 1117 and as damages caused by RLG's injurious falsehoods and defamation;

E.     That the Court award First Mariner fair and proper compensatory damages caused by RLG's injurious falsehoods, defamation and unfair competition practices;

F.     That First Mariner be awarded fair and proper exemplary and/or punitive damages;

G.     That the costs of this action be awarded to First Mariner; and

H.     That the Court grant such other and further relief as it shall deem just and proper.

Respectfully submitted,

Dated: April 13, 2012

_/s/ James B. Astrachan_

James B. Astrachan, Bar No. 03566

Julie R. Rubin, Bar No. 25632

Christopher J. Lyon, Bar No. 27443
ASTRACHAN GUNST THOMAS RUBIN, P.C.
217 E. Redwood Street, 21st Floor
Baltimore, MD 21202
410.783.3520
Attorneys for Plaintiff