## INTRODUCTION

First Mariner Bank attempts to present an image at odds with fact and the historical record. "First Mariner's business is well known and has come to signify excellence based on the consistent high quality and dependability of First Mariner's financial services and products." [recited as "fact" in it Memorandum of Law in Support of its Request for TRO]. History is substantially at variance with this assertion. It is public record that First Mariner Bank made a substantial number of "bad" loans. One consequence to First Mariner Bank has been that federal banking regulators have scrutinized First Mariner Bank, and in 2009, regulators ordered First Mariner Bank to come up with more capital. [Attachments A and C] In March of 2012, federal banking regulators warned that First Mariner Bank may not be able to remain in business due to under capitalization. [Attachment A]. In August of 2011, First Mariner Bank was delisted from the Nasdaq stock market [Attachment A]. First Mariner Bank had failed to meet the standards required for listing, which include at a minimum, a stock with a list value of more than 1 dollar. First Mariner Bank's stock currently trades for $00.43 per share. [Attachment B]. First Mariner Bank reported losses of 15 million in 2008, 22 million in 2009, and 47 million in 2010. [Attachment C].[1]

---

Baltimore Sun, articles published 8/31/11, 5/16/12 and 3/31/11 respectively.

In at least 2009, First Mariner Bank was investigated by federal regulators for a variety of suspected violations of law and regulation. The FDIC concluded that First Mariner Bank discriminated against black, female and Hispanic borrowers by charging them higher prices than similarly situated white customers. [Attachment D]

The FDIC also concluded that First Mariner Bank disseminated misleading information regarding payment-option adjustable-rate mortgages [Option ARMS], by misleading potential customers about the ultimate cost of the loan. [Attachment D]

In lieu of formal charges and an adversarial hearing where the charges could be presented, and disputed, First Mariner Bank consented to a "cease and desist" order.  First Mariner Bank agreed to pay money to customers and to regulators. [Attachment D].

The Resolution Law Group has been retained by customer of First Mariner and, at their direction, has sued First Mariner Bank.  The Resolution Law Group engages in lawful and compliant advertising.  The advertising is neither false, nor is it misleading.

First Mariner Bank's complaint is conclusory, factually deficient, and it is a transparent attempt to "fight back" without any basis for the allegations they purport to assert.

As set forth herein, The Resolution Law Group seeks to have First Mariner Bank's complaint dismissed for failure to state a claim or cause of action.

## THE STANDARDS APPLICABLE TO THIS MOTION

As this Court well knows, the first step in evaluating plaintiff's claims is to determine whether the allegations covering all of the elements that comprise the theory of relief have been stated as required. Estate Construction Co. v. Miller & Smith Holding Co., Inc., 14 F. 3d 213, 220 (4th Cir 1994), citing United States v. Employing Plasterers Ass'n, 347 U.S. 186,189 (1954). Here, First Mariner Bank has not sufficiently pled elements of its claims, most notably wrongful intent, scienter, and injury. Moreover, the complaint is entirely devoid of any factual support.

First Mariner Bank's claims must be stated in terms that are neither vague nor conclusory. Estate Construction Co. 14 F. 3d at 220. Conclusory allegations that are unsupported by facts will not suffice. Gabriel & Associates, Inc. v. Invisible Fence Co., Inc. 1993 WL 565997 at *5 (D.Md 1993) (J. Harvey).

The Fourth Circuit has elaborated that "(t)his requirement serves to protect costly discovery on claims with no factual or legal basis," Midgal v. Rowe Price-Fleming Int'l, Inc., 248 F. 3d 321,326 (4th Cir. 2001), adding that "(c)onclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is

engaged in a fishing expedition." Id., citing <u>DM Research v. College of Am.</u>

<u>Pathologists</u>, 170 F. 3d 53, 55 (1st Cir. 1999).

Here, First Mariner Bank has plead only conclusions.  Accordingly, the motion

to dismiss should be granted.

## ARGUMENT

I.     First Mariner Bank's First Claim for Relief Should be Dismissed.

The First claim asserted is based upon False Advertising, but is defective in

that it merely alleges a "bare bones" list of the essential elements of a cause of action

without any factual assertions.  It is insufficient to simply allege that The Resolution

Law Group "engaged in unfair and deceptive trade practices through false advertising

and commercial promotion…"

The Court must assume as true (for pleading purposes) that the allegation that

The Resolution Law Group sent the advertising.  The advertisement is either false and

deceptive or it is not.  First Mariner Bank must make factual allegations, and not mere

conclusions, regarding the truth or falsity of the advertisement.  The Resolution Law

Group has sued First Mariner Bank.  The FDIC has stepped in to discipline and

regulate First Mariner Bank.  The FDIC concluded that First Mariner Bank

discriminated against blacks, Hispanics and women.  The FDIC concluded that First

Mariner Bank disseminated misleading information to it customers. First Mariner Bank chose to enter into a consent "cease and desist" order, rather than contesting the FDIC's conclusions. These are matters of public record.   First Mariner is not now at liberty to ignore and disclaim its actions, and the consequences of those actions. The Resolution Law Group has not "engaged in unfair and deceptive practices" simply because the plaintiff has alleged a conclusion, without a shred of factual support.  This claim should not be allowed to proceed.  As in Midgal, the danger signs are evident.

Moreover, Plaintiff acknowledges that the Fourth Circuit "has not addressed" the issue of whether a non-competitor has standing to bring a Lanham Act claim. The Resolution Law Group is a law firm, providing legal services to clients.   First Mariner Bank is a financial institution, that, among other things, loans money to it customers. These two entities do not provide that same services to the same group of people. While it may be true that, in some instances the Bank and the Law Group share constituents [e.g. First Mariner customers have retained The Resolution Law Group to sue First Mariner Bank for banking improprieties] it certainly cannot be said that they are competitors in any sense. What is not acknowledged is that the 7th, 10th and 9th Circuits have squarely addressed the issue, and required a Plaintiff to be in actual competition with a Defendant to have standing to bring a Lanham Act claim. Stanfield v. Osborne, 52 F.2d 867 [10th Circuit]; LS Heath V. ATT, 9F.2d 561 [7th

Circuit]; <u>Waitts V. Frito Lay</u>, 678 F.3d 1043 [9th Circuit]. [2] Defendant asserts First

Mariner lacks standing to bring a Lanham Act claim.

II.      First Mariner Bank's Second Claim for Relief Should be Dismissed.

So, too, First Mariner Bank's second Claim for Injurious Falsehood should be

dismissed.  In that claim, First Mariner Bank asserts that The Resolution Law Group

made certain statements "knowing them to be false" and with "malice and intent to

harm First Mariner".  There is nary a single fact alleged in the complaint to support

this baseless conclusion.  Accordingly, the motion to dismiss this Claim should be

granted.

III.     First Mariner Bank's Third Claim for Relief Should be Dismissed.

The third Claim is for Defamation.  Contrary to the plaintiff's bald assertion,

the statements made in The Resolution Law Group's advertisement are not

defamation *per se*, and plaintiff has failed to adequately allege any of the essential

elements.  First Mariner Bank has failed to allege, with specificity, how the

statements are injurious to First Mariner Bank, how or whether The Resolution Law

Group knew the statements made were false, why the advertisement constitutes a

malicious intent to injure First Mariner Bank, and how the advertisement has

---

[2] The other court that have addressed the issue of standing have, [The 3rd, 5th, 11th and apparently, the 2nd] while not requiring it, have nevertheless "stressed the importance" of competition in a standing analysis. <u>Famous Horse Inc v 5th Ave Photo Inc</u> (Case 08-4523-cv, October 21 2010),

damaged plaintiff's goodwill in the community, as First Mariner Bank is known in the community as a bank that engages in wrongful and discriminatory lending practices, and is also known as a company teetering on being taken over by the FDIC based upon its prior actions and practices.

IV.     **First Mariner Bank's Fourth Claim for Relief Should be Dismissed.**

The fourth claim is for Unfair Competition.  "One man may not reap where another has sown, nor gather where another has strewn.'" *GAI Audio of New York, Inc. v. Columbia Broadcasting Sys., Inc.,* 27 Md.App. 172, 192, 340 A.2d 736 (1975) (quoting *I.I. Case Plow Works v. J.I. Case Threshing Mach. Co.,* 162 Wis. 185, 155 N.W. 128, 134 (1915)). As set forth, supra, it cannot be seriously entertained that Plaintiff is a competitor of Defendant. The Resolution Law Group does not intend to reap any benefit from the efforts of First Mariner Bank. Conversely, The Resolution Law Group has sued First Marnier. The parties are adversaries, not competitors. The very name of the doctrine would seem to require that a Plaintiff in an unfair competition claim would actually have to be a competitor of the Defendant. In any event, it would seem illogical to allow an 'unfair competition' claim between entities that in fact, do not compete. Defendant asserts that Plaintiff lacks standing to assert an 'unfair competition' claim against one who is not its competitor.

## CONCLUSION

For the reasons stated above, The Resolution Law Group respectfully requests that this motion to dismiss be granted, in its entirety, without leave to amend.

Date: 21 May, 2012

John Calhoun, Bar No. 1793
401 E. Pratt St., Ste. 1252
Baltimore, MD  21202
410 - 837 - 0646
Attorney for THE RESOLUTION LAW GROUP

I HEREBY CERTIFY that on this _____ 5 _____ day of ____ May ____, 2012, a copy of the foregoing was _X__ mailed by first class mail, postage paid, to the addressee listed below; __ faxed to_____; X emailed to: <jastrachan@agtlawyers.com>; hand delivered to _____.

James Astrachan, Esq. Bar No. 03566
17 E. Redwood
21st Floor
Baltimore, MD  21202
Attorney for FIRST MARINER BANK

John Calhoun