```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

FIRST MARINER BANK              *

         Plaintiff      *

     vs.                *   CIVIL ACTION NO. MJG-12-1133

THE RESOLUTION LAW GROUP, P.C.  *

         Defendant      *

*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER Re: Show Cause Request

The Court has before it the Request for Show Cause Order [Document 26] and the materials submitted relating thereto. The Court finds that a formal hearing is unnecessary.

A. Background

In the Order Modifying Temporary Restraining Order [Document 18] ("the Order") provided:

    1. Defendant, its affiliates, employees, agents, representatives, and any and all other persons acting in concert with them, shall not disseminate any materials to past, present, or potential customers of Plaintiff First Mariner Bank that state or suggest the Bank is involved in settlement discussions with any federal or state governments with respect to its lending or related bank practices or may have committed any violations relating to TARP funds.

    2. Prior to disseminating any further advertising material to past, present,

>           or potential customers of Plaintiff
>           First Mariner Bank, Defendant shall:
>
>      a.  Provide counsel for Plaintiff with
>          a copy of the advertising material
>          at least ten business days prior
>          to its dissemination, and
>
>      b.  Should Plaintiff file a motion
>          herein seeking relief relating to
>          such materials prior to the end of
>          the said ten business days, defer
>          dissemination pending a ruling on
>          said motion.

Plaintiff has presented the affidavits of two employees of Plaintiff [Documents 26-1, 30-1] stating that each was a mortgage customer of Plaintiff and was contacted by a telemarketer for Defendant, Resolution Law Group ("RLG"), soliciting clients to join a lawsuit against various banks, including Plaintiff.  They each identified their lender as Wells Fargo and stated that the loan had originated with First Mariner Bank.  The affidavits do not state that the telemarketer orally referred to First Mariner Bank by name but that he provided a copy of a website that described the lawsuit in detail and one of them was provided a copy of the lawsuit.  The lawsuit copy included First Mariner Bank as a defendant and also provided information about the claims RLG was making against various banks, including First Mariner Bank.

First Mariner Bank takes the position that the described actions by RLG violate the Order and seek to have the Court

require RLG to show cause why it should not be held in contempt. RLG contends (1) that the Order is not sufficiently definite to be enforceable through the contempt powers, and, alternatively, that the alleged actions did not violate the Order.

B.  Enforceability

The Court does not agree with RLG regarding the enforceability of the Order.

The Order was issued by agreement of the parties – without objection by either side as to its alleged indefiniteness.  Of course, the fact that the parties agreed with the Order does not eliminate differences of opinion as to its interpretation.

Moreover, in the context of contempt proceedings, the Court must consider the extent to which a violation of the Order would result from a good faith dispute as to the meaning of the terms or terms that were violated.

C.  The Incidents at Issue

1.  Scope of Order

The Court rejects, as patently unreasonable, any contention that the Order pertains to any advertisement at all that RLG may disseminate to any target group that is received by a recipient who is a "past, present, or potential customer[] of Plaintiff First Mariner Bank."  Indeed, to accept such an interpretation

would mean that if RLG should advertise to obtain clients[1] for a lawsuit against a pharmaceutical manufacturer of an alleged bad drug, it would violate the Order because some of the members of the target group happened to be "past, present, or potential customers of Plaintiff First Mariner Bank."

The context of the Order, including the statements made therein prior to the above-quoted operative terms, renders the most reasonable interpretation of the scope of the Order as including advertisements to a selected target group of "past, present, or potential customers of Plaintiff First Mariner Bank."

### 2. The Actions In Question

The Court does not find the allegations made in the affidavit sufficient to require RLG to show cause why it should not be held in contempt for violation of the Order.

First, RLG has not exhibited a disregard for the Order. RLG has, in fact, complied with the Order with regard to a proposed advertisement [Document 34-2].

Second, it appears that the telemarketing activity was targeted at Wells Fargo debtors. It appears that the target group of Wells Fargo debtors include some First Mariner Bank

---

[1] The Court is not here determining, or even considering, the propriety of RLG's solicitation of clients.

borrowers whose loans were "transferred" to Wells Fargo. Nevertheless, absent any reason to believe that the "real" target group was that of First Mariner Bank customers, the Court does not find the solicitation within the scope of the Order.

Third, insofar as now appears, the specific reference to First Mariner Bank by name is within a copy of "the Lawsuit" (presumably the Complaint) in which First Mariner Bank is one of several defendants. There could certainly be significant issues raised regarding a prohibition in the instant case against a parties' posting an unsealed court filing on its website or providing a copy of same to an individual.

The Court notes, but is not now addressing, RLG's contention that the alleged telemarketing activity did not constitute "disseminating any further advertising material." Nor will the Court issue an "advisory opinion" stating which activities by a telemarketer would constitute "disseminating . . . advertising material" and which would not.

D.  Conclusion

For the foregoing reasons:

    1.   The Request for Show Cause Order [Document 26] is DENIED.

5

      2.    This action is without prejudice to the right of Plaintiff to seek a show cause order should future actions by RLG warrant.

SO ORDERED, on <u>Monday, August 20, 2012</u>.

                                                  /s/
                                  Marvin J. Garbis
                      United States District Judge