```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

FIRST MARINER BANK              *

            Plaintiff           *

      vs.                       *   CIVIL ACTION NO. MJG-12-1133

THE RESOLUTION LAW GROUP, P.C.  *

            Defendant           *

*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: PROPOSED ADVERTISEMENT

The Court has before it Plaintiff First Mariner Bank's Motion For Preliminary Injunction Restraining Publication of Proposed Advertisement [Document 34] and the materials submitted relating thereto. The Court finds that a formal hearing is unnecessary.

I.  BACKGROUND

This action was filed on April 1.[1] On May 15, Plaintiff First Mariner Bank ("First Mariner") filed a motion seeking a Temporary Restraining Order [Document 5] with regard to certain advertising by Defendant, The Resolution Law Group, PC ("RLG") [Documents 5-5 and 5-6]. The Temporary Restraining Order [Document 8] issued by Judge Bredar provided that RLG was

---

[1] All date references are to the year 2012.

"prohibited from disseminating any materials to past, present, or potential customers of Plaintiff First Mariner Bank that state or suggest the Bank is involved in settlement discussions with any federal or state governments with respect to its lending or related bank practices."  TRO ¶ 2 [Document 8].  The Temporary Restraining Order was superseded by the agreed Order Modifying Temporary Restraining Order [Document 18] ("the Order") that provided:

1. Defendant, its affiliates, employees, agents, representatives, and any and all other persons acting in concert with them, shall not disseminate any materials to past, present, or potential customers of Plaintiff First Mariner Bank that state or suggest the Bank is involved in settlement discussions with any federal or state governments with respect to its lending or related bank practices or may have committed any violations relating to TARP funds.

2. Prior to disseminating any further advertising material to past, present, or potential customers of Plaintiff First Mariner Bank, Defendant shall:

    a. Provide counsel for Plaintiff with a copy of the advertising material at least ten business days prior to its dissemination, and

    b. Should Plaintiff file a motion herein seeking relief relating to such materials prior to the end of the said ten business days, defer dissemination pending a ruling on said motion.

The Order, 2 [Document 18].

Defendant has complied with ¶ 2 of the Order, providing Plaintiff with a proposed advertisement ("the Ad") [Document 34-2], a copy of which is attached hereto as Exhibit A. By the instant motion, First Mariner seeks to have the Court enjoin publication/distribution of the said advertisement.

**II.**  PRELIMINARY INJUNCTION STANDARD

To obtain a preliminary injunction, Plaintiff must make a clear showing:

(1) That it will likely succeed on the merits at trial;
(2) That it is likely to be irreparably harmed absent preliminary relief;
(3) That the balance of equities tips in its favor; and
(4) That an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).[2]

---

[2] The court notes that Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342 (4th Cir. 2009), was vacated by the Supreme Court in Real Truth About Obama, Inc. v. Fed. Election Comm'n, --- U.S. ----, 130 S. Ct. 2371 (2010) for further consideration in light of Citizens United v. Fed. Election Comm'n, 558 U.S. 310 (2010), which dealt with First Amendment issues and not the standard for considering injunctive relief.

III. <u>DISCUSSION</u>

The Court notes, but finds immaterial to the instant motion, the parties' respective derogatory "swipes" at each other.  The Court is not now deciding, or even addressing, whether Defendants are engaged in any improper conduct <u>vis-à-vis</u> potential clients or in violation of any ethical standards.  Nor is the Court deciding, or even addressing, whether First Mariner has engaged in, or is engaging in, any improper actions <u>vis-à-vis</u> customers or in violation of any legal or regulatory obligations.  Rather, the Court is addressing and resolving whether, in regard to the Ad, First Mariner is entitled to a Preliminary Injunction.

First Mariner complains about two portions of the Ad that are discussed in turn.

    A.    <u>The Investigation . . . May Include</u>

The Ad states:

- Investigation of alleged deceptive practices and investigation of alleged misrepresentation *may include*:
- (i) The Defendant's deception in inducing Plaintiffs to enter into loans and mortgages from approximately 2001 through 2010 and which were acquired or are serviced by Defendants;
- (ii) The illegal use of MERS (The Mortgage Electronic Registration System) in connection with those loans and mortgages, Mortgage Note Origination;

4

- (iv) The Defendant's breach of Plaintiffs' statutorily protected rights;
- (v) The Defendants' breach and willful violation of numerous consumer and homeowner protection statutes, and the willful violations of unfair business practices statutes;
- (vi) Accepting money, transferring alleged assets, and foreclosing upon alleged assets in instances where the alleged assets do not exist, and which these Defendants have no right, title, or interest upon which they can act, Patriot Act Violations/Unlawful Funding of Note;
- (vii) Defendant's continuing tortuous conduct.

Ex. A ¶ 1.

The Court does not find that First Mariner is entitled to a Preliminary Injunction prohibiting dissemination of this portion of the Ad.  The Court does not find that First Mariner has made the requisite <u>clear</u> <u>showing</u>[3] that it will prevail on the merits of its claims with regard to the "may include" statement.

The "may include" statement follows the true statement that RLG has filed a lawsuit against First Mariner "containing allegations of potentially deceptive lender/servicer actions." Although that lawsuit may turn out to be baseless, it is true that it was filed and that it contains the stated allegations.

---

[3] The Court is not now deciding the merits of claims presented by First Mariner with regard to the said statement.  The finding that First Mariner has not made a clear showing that it is likely to succeed on the merits does not constitute a finding that First Mariner will not ultimately be able to prevail on its claims.

Particularly in the context of a statement referring to the pending "Complex Tort Action," First Mariner has not made a clear showing that RLG is neither investigating, nor intending to investigate, "alleged deceptive practices" and "alleged deception" by First Mariner.  Nor does the literally true (or at least not proven false) statement about the investigation give a false or misleading impression.

B.   Settlement Discussions

The Ad states: "According to recent media reports, Federal and State governments are discussing settlements with various banks, but not currently with First Mariner Bank . . ."[4]  Ex. A ¶ 2.

The Court will assume the literal truth of the foregoing statement.  However, the Court finds it clearly shown that, in context, the aforesaid statement gives a false impression, and is intended to give that false impression.

The false impression is that First Mariner is in a worse position than the "various other banks" with which the governments are discussing settlements.  In other words, First

---

[4] The sentence concludes with "and statutes of limitations are running which may bar your claims in the future."  This latter portion of the sentence is not at issue.

Mariner is so bad the governments are not even talking about settling with them.

Except to give the aforesaid false impression, there is no reason to include in the Ad any reference to settlement discussions that may be in process regarding banks other than First Mariner.  Moreover, it is likely that First Mariner would be able to establish that the statement was defamatory and/or made to harm the bank.

Thus, First Mariner has made a clear showing that the "settlement discussions" statement is an intentional false statement made to harm First Mariner.  Hence, it is likely that First Mariner would prevail on one or more of its claims if the statement is published.

First Mariner has also made a clear showing that it is likely to be irreparably harmed absent preliminary relief, that the balance of equities tips in its favor[5] and that an injunction is in the public interest.

Accordingly, the Court shall enjoin the publication of the "Ad" unless it excludes the above-quoted portion of the "settlement discussion" sentence.

---

[5] Indeed there is no "equity" favoring the publication of a statement giving a false impression.

IV.     CONCLUSION

        For the foregoing reasons:

        1.      Plaintiff First Mariner Bank's Motion For Preliminary Injunction Restraining Publication of Proposed Advertisement [Document 34] is GRANTED IN PART.

        2.      Defendants shall not publish the advertisement at issue, Exhibit A hereto, unless the portion of the "settlement discussion" sentence stating "According to recent media reports, Federal and State governments are discussing settlements with various banks, but not currently with First Mariner Bank . . ." is removed.


        SO ORDERED, on Thursday, September 13, 2012.


                                        _____/s/_____
                                            Marvin J. Garbis
                                        United States District Judge