```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

First Mariner Bank,              *

            Plaintiff
                                 *
    v.
                                 *     CIVIL NO. MJG-12-1133
The Resolution Law Group,
            et al.               *

            Defendants.          *


    *      *      *      *      *      *      *      *      *      *      *      *      *
```

## ORDER

Upon consideration of plaintiff's Motion for Sanctions (ECF No. 142), it is this 24th day of October, 2013 hereby:

**ORDERED** that defendants and their prior counsel, Eric T. Kirk and John C. Calhoun and the firm of Kandel and Associates, PA, are jointly and severally liable to plaintiff for attorney's fees in the amount of $23,221.00 and shall pay plaintiff this amount by November 15, 2013.  If defendants wish to challenge this award of attorney's fees, they should advise the Court by November 1, 2013 and plaintiff's counsel shall submit to the Court contemporaneous records for their work after August 19, 2013 by November 15, 2013.

It is **FURTHER ORDERED** that the following jury instruction be given at the trial of this case:

Through the course of discovery, the Court found that defendants delayed in providing complete information about RLG's operations, personnel and procedures and the selection of targeted recipients of its mailed advertisements. While defendants eventually provided much, but not all, of the requested information, defendants' delay impeded plaintiff's effort to develop evidence to support its allegation that defendant RLG is not offering legitimate legal services.

Accordingly, you may consider this conduct by the defendants along with all of the other evidence presented, during trial, in deciding the issues presented for your determination in this case.

Also, defendants never produced sufficient information about Marketing Smart, the company with which they worked in the printing and dissemination of the subject mailed advertisements, to allow plaintiff to locate and question Marketing Smart about RLG's operations and procedures, development of advertisements and selection of targeted recipients of the mailed advertisements.

Accordingly, as you consider all of the evidence presented, you are permitted, but not required, to infer from defendants' failure that the information that the Marketing Smart firm would have provided on the subjects of RLG's operations and procedures, development of advertisements and selection of the targeted recipients of the mailed advertisements would have been unfavorable to defendants.

Also, defendants never produced complete information as to RLG's past employees to allow plaintiff to question these individuals about RLG's operations and procedures, development of advertisements and selection of targeted recipients of the mailed advertisements.

Accordingly, as you consider all of the evidence presented, you are permitted, but not required, to infer from defendants' failure that

the information that the past employees would have provided on the subjects of RLG's operations and procedures, development of advertisements and selection of the targeted recipients of the mailed advertisements would have been unfavorable to defendants.

**IT IS FURTHER ORDERED** that defendants may not introduce any further evidence on their costs of the mailed advertisements, beyond the per piece cost provided to the plaintiff.

**IT IS FURTHER ORDERED** that defendants shall provide plaintiff with the telephone numbers of persons identified in interrogatory no. 11 by November 6, 2013.

All other relief sought by plaintiff is **DENIED**.

_____/s/_____
Susan K. Gauvey
United States Magistrate Judge