UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

December 4, 2013

Christopher J. Lyon, Esq.
James B. Astrachan, Esq.
Elizabeth A. Harlan, Esq.
Astrachan, Gunst, Thomas, Rubin PC
217 E. Redwood Street, Suite 2100
Baltimore, MD 21202

Eric Kirk, Esq.
John L. Calhoun, Esq.
Kandel and Associates
401 E. Pratt Street, Suite 1252
Baltimore, MD 21202

Randall L. Hagen, Esq.
Law Office of Randall L Hagen LLC
6325 Woodside Court, Suite 210
Columbia, MD 21046

  Re: First Mariner Bank v. The Resolution Law Group, P.C., et al, MJG-12-1133

Dear Counsel:

  The Court held a telephone hearing today on Defendant's Motion for Reconsideration of Memorandum Opinion and Order dated October 24, 2013 (ECF No. 176) and former counsel's Rule 60[b][6] Motion for Relief from 10/24/13 Order, Rule 59 Motion to Amend 10/24/13 Order, and Rule 52[B] Motion for Amended

Findings (ECF No. 166) and to give Messers Kirk and Calhoun and the firm of Kandel and Associates, PA an opportunity to be heard on the imposition of an award of attorneys' fees on them and defendants on a joint and several basis.

For the reasons set forth below, the Court GRANTS in part and DENIES in part both motions.

As to the award of attorneys' fees jointly and severally against Messers Kirk and Calhoun and Kandel and Associates, PA the Court shall amend the award, imposing the attorneys' fees award solely on the defendants. In doing so, the Court does not endorse former counsel's handling of the discovery throughout their representation. Counsel should have understood from the beginning that the information received from their clients was wholly insufficient. An attorney is not simply a conduit; an attorney is to exercise individual judgment, to evaluate what a client produces, not simply blindly pass it on. However, the Court does recognize that after admonishment, counsel "stepped up their game" and responsibly transitioned representation to new counsel after their withdrawal was permitted. Moreover, it is clear that it was the defendants, not counsel, who were the overarching cause of the stymied discovery.

As to the jury instruction regarding the failure of defendants to provide a viable address for Marketing Smart, the parties have confirmed that a viable address was provided on

June 20, apparently through the efforts of Mr. Kirk, and accordingly, that portion of the jury instructions shall be omitted but the delay in providing the information will be added to the "delay" instruction.

As to the proposed instruction regarding failure to provide contact information on all persons identified in interrogatories Nos. 4 and 11, the defendants shall have until **December 11** to provide the contact information, including specifically for Gary L., Kit Wright, Bill Goodman and Brian Maller; otherwise, the jury instruction shall be given as proposed.

Finally, as discussed in the telephone hearing, any further obfuscation of discovery on defendants' part, including at defense depositions, will not be tolerated and if occurs, will be subjected to sanctions.

A separate order incorporating this ruling, shall be issued.

Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Sincerely yours,

/s/

Susan K. Gauvey
United States Magistrate Judge

CC: Honorable Marvin J. Garbis
Court file and Chambers File