IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FIRST MARINER BANK,                    *

    Plaintiff                          *

    v.                                 *          CIVIL NO. MJG-12-1133

THE RESOLUTION LAW GROUP,              *
P.C., et al.,
                                       *
    Defendants.
                                       *

   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM

Now pending before the Court is Defendants' motion to quash subpoena <u>duces</u> <u>tecum</u>, or, in the alternative, for a protective order. (ECF No. 199). The Court has considered Defendants' motion, Plaintiff's response in opposition (ECF No. 210), and Defendants' reply thereto (ECF No. 225). No hearing is required. Local Rule No. 105.6 (D. Md. 2011). The motion to quash is DENIED, however, a protective order shall be entered.

## I. Factual Background

The present motion arises from a subpoena <u>duces</u> <u>tecum</u> served by Plaintiff on JPMorgan Chase Bank, N.A. ("Chase Bank") on November 22, 2013. The subpoena commanded Chase Bank, a third-party, to produce banking documents related to Defendant. Specifically, the subpoena requested "all bank statements and

documents concerning deposits or withdrawals made during the period of time beginning November 22, 2011 to the present" and "all documents concerning communications between you and The Resolution Law Group, P.C. made during the period of time beginning November 22, 2011 to the present," respectively, in connection with two accounts owned by Defendants. (ECF No. 200-1, Ex. A). Chase Bank informed Defendants by letter, dated December 3, 2013, that it planned to produce the requested documents, unless Defendants filed a motion to quash by December 13, 2013, or Chase Bank otherwise received an order from this Court stating that it was not required to comply with the subpoena. (ECF No. 200, 2-3). Defendants' filed the present motion on December 13, 2013. (ECF. No. 199).

## II. Discussion

### A. Motion to Quash

Defendants seeks to quash Plaintiff's Rule 45 subpoena, arguing they have a personal right and interest in the documents and information sought by the subpoena and that the subpoena is overly broad and seeks information not relevant to discovery. (ECF No. 200, 5-6). Generally, a party does not have standing to challenge a subpoena issued to a nonparty unless the party asserts some personal right or privilege in the information sought by the subpoena. In re Grand Jury Subpoena John Doe, 584

F.3d 175, 184 n.14 (4th Cir 2007); see also U.S. v. Idema, 118

Fed. App'x. 740, 744 (4th Cir. 2005) (unpublished).  Absent such

a showing, the party lacks standing and the motion should be

denied without reaching the motion's merits.

Defendants assert that they have a personal right to the

information sought by the subpoena *duces tecum* because the

information reveals Defendants' "business operations and

clientele."[1]  (ECF No. 199, 5).  The question, therefore, is

whether Defendants have asserted a personal right to the bank

records kept by the third-party bank.  In United States v.

Miller, the Supreme Court held that financial documents

subpoenaed from a third-party bank are not a defendant's

"private papers," but rather, are "the business records of the

banks."  425 U.S. 435, 440 (1975) (abrogated in part by

statute).  Although the Right to Financial Privacy Act of 1978

abrogated Miller in part, courts in this Circuit have

consistently held that Miller remains applicable in civil

actions.  See Clayton Brokerage Co. v. Clement, 87 F.R.D. 569,

571 (D. Md. 1980) (finding that nothing in the Right to

Financial Privacy Act of 1978 "shields the records of a bank

customer's transactions from discovery in a civil suit" and

holding that the bank records at issue were the "business

_____

[1] Defendants concede that they hold no privilege in the records sought by the subpoena duces tecum.  (ECF No. 199, 5).

3

records of the bank, and the issuance of a subpoena requiring the bank to produce its records is not violative of any cognizable privacy right of the defendant"); see also, e.g., Provenza v. Rinuado, 586 F. Supp. 1113, 1116 (D. Md. 1984) (finding that "[b]ank records are not confidential communications, but instruments of commercial transactions. The bank customer has no inherent right to assert control over the release of a bank's records of his transactions.") (citing Clayton, 87 F.R.D. at 571); e.g. Robertson v. Cartinhour, No. cv-09-3436, 2010 WL 716221, *2 (D. Md. 2010) (Day, M.J.) (finding that the plaintiff had no standing to challenge a subpoena issued to a third-party bank because the records sought in the subpoena were the bank's business records, not the plaintiff's personal records) (citing Clayton, 87 F.R.D. at 571).

As to the present motion, Defendants have no personal right to the bank records sought by the subpoena duces tecum, because the records sought are the bank's business records, not Defendants' personal records. Defendants assert that they have a personal right to the records because the records reveal Defendants' "business operations and clientele." (ECF No. 199, 5). Yet, Defendants' offer no support for such an assertion and the law of this Circuit clearly holds that a party has no personal right to bank records sought from a third-party bank.

Accordingly, Defendants have no standing to challenge the subpoena issued to Chase Bank and this Court could deny Defendants' motion to quash on this basis alone.

Because this Court finds that Defendants lack standing to challenge the subpoena duces tecum, the Court need not consider Defendants' challenges to the merits of the subpoena (ECF No. 225, 3-7). Absent standing, a motion to quash a subpoena issued to a nonparty should be denied without reaching the motion's merits. See, e.g., Robertson, 2010 WL 716221, at *1. However, in recognition of the authority outside of this circuit (see ECF No. 225, 2) and the lack of a published Fourth Circuit decision on point, the Court has considered Defendants' arguments on the merits of the subpoena, the Court finds Defendants' arguments unpersuasive. Especially in a case like this where Defendants have resisted discovery into the operations of RLG, it was essential for Plaintiffs to seek information in the custody of third-parties. The Court believes that the operations of RLG and the legitimacy of RLG as a law firm are highly relevant to the present lawsuit. The documents sought in the subpoena, therefore, are relevant under the broad scope of FRCP 26(b)(1) and thus FRCP 45. Cook v. Howard, No. 11-1601, 2012 WL 3634451 (4th Cir. Aug. 24, 2012)(per curiam).

**B. Motion for Protective Order**

In addition to moving to quash the subpoena _duces_ _tecum_, Defendants seek a protective order, pursuant to Rule 26(c)(1), "preventing the public disclosure of any documents and information obtained by Plaintiff from Chase Bank." (ECF No. 199, 6). Plaintiff's response concedes that Plaintiff is amenable to entry of a reasonable protective order governing the bank records, and suggests the essential terms of such an order, which the Court adopts. (ECF No. 210-3). A separate order shall issue detailing the parameters of such an order.

**III. Conclusion**

For the foregoing reasons, Defendants' motion to quash the subpoena _duces_ _tecum_ is DENIED (ECF No. 199). A separate order shall issue.

Date:_2/14/14_                          __/s/__
                                    Susan K. Gauvey
                                    United States Magistrate Judge