```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

FIRST MARINER BANK,              *

     Plaintiff                   *

     v.                          *    CIVIL NO. MJG-12-1133

THE RESOLUTION LAW GROUP,        *
P.C., et al.,
                                 *
     Defendants.
                                 *
     *   *   *   *   *   *   *   *   *   *   *   *
```

## Memorandum

By order dated April 22, 2014, the Court granted <u>nunc pro tunc</u> effective February 21, 2014, Plaintiff's motion for entry of civil contempt order (ECF No. 202). (ECF No. 258). This memorandum sets forth the grounds for that order in greater detail. Additionally, Defendants have filed a motion to purge contempt (ECF No. 256), and for the reasons stated herein, Defendants' motion will be GRANTED.

On December 16, 2013, Plaintiff filed its motion for entry of civil contempt order (ECF No. 202), seeking to hold Defendants, The Resolution Law Group, P.C. and R. Geoffrey Broderick, Jr., in civil contempt for failure to comply with this Court's December 4, 2013 Order (ECF No. 191) directing Defendants to pay Plaintiff $23,221.00 in attorneys' fees by

December 13, 2013. The motion was fully briefed (ECF Nos. 215, 222) and a contempt hearing was held on February 21, 2014 (ECF No. 252). In accordance with the Court's findings during the February 21, hearing, the Court held Defendants in civil contempt, finding that civil contempt was established by clear and convincing evidence and that Defendants failed to meet their burden of proving the asserted defense of a "present inability to pay." (ECF Nos. 252, 258).

## I. Civil Contempt

Courts have broad discretion to impose punitive measures on any party who fails to obey a discovery order. Fed R. Civ. P. 37(b)(2)(B); Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); 8B Charles Alan Wright, et al., Federal Practice & Procedure § 2289 (3d ed. 2010). Rule 37(b)(2)(A)(vii) provides that courts may "treat[] as contempt of court the failure to obey an order except an order to submit to a physical or mental examination." Further, contempt sanctions may be civil or criminal, depending on the nature of the sanctions. Buffington v. Baltimore County, 913 F.2d 113, 133 (4th Cir. 1990).

> When the nature of the relief and the purpose for which the contempt sanction is imposed is remedial and intended to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained, the contempt is civil; if, on the other hand, the relief seeks to vindicate the

2

>   authority of the court by punishing the contemnor and deterring future litigants' misconduct, the contempt is criminal

Id. To hold a party in civil contempt, a court must find that four elements have been established by clear and convincing evidence:

>   (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's 'favor'; (3) that the alleged contemnor violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that [the] movant suffered harm as a result.

Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000).

Here, Defendants conceded the first three elements required for a finding of civil contempt. (ECF No. 215, 4). Defendants disputed, however, that Plaintiff suffered any "harm" as a result of Defendants' failure to pay the sanction imposed pursuant to this Court's December 4, Order. (Id.). This argument was readily disposed of by the Court, as the very purpose of the monetary sanction in question was to reimburse Plaintiff for expenses unfairly incurred due to Defendants' discovery abuses. As such, the Court found the elements required for a finding of civil contempt established by clear and convincing evidence.

Defendants' only available defense to a finding of civil contempt was to assert a "present inability to pay" the fine in

3

question. A party facing sanctions for civil contempt may assert the defense of "a present inability to comply with the order in question." U.S. v. Rylander, 460 U.S. 752, 757 (1983) (citations omitted) (emphasis in original). A court shall not be blind to evidence that compliance with the court's order is now factually impossible. Id. In such an instance, "neither the moving party nor the court has any reason to proceed with the civil contempt action." Id. It is well settled, however, that in raising this defense, it is the defendant who bears the burden of production. Id. Thus, in order to purge himself of civil contempt, a defendant must affirmatively produce evidence showing a present inability to comply with the order in question. See U.S. v. Butler, 211 F.3d 826, 831 (4th Cir. 2000). "Conclusory assertions of financial inability, unsustained by supporting documentation, are insufficient to satisfy this burden." S.E.C. v. SBM Inv. Certificates, Inc., No. 1:06-cv-0866-DKC, 2012 WL 706999, *11 (D. Md. Mar. 2, 2012) (citations omitted). "Rather, the companies must show that they acted in good faith and took all reasonable efforts to comply with the court's order." Id. Further, inability to comply is only a "complete defense" if the party is unable to comply in any manner with a court's order. "[O]therwise, in order to demonstrate that they have undertaken reasonable and good faith efforts to comply, [] the party must pay to the extent that

[its] finances would allow." Id. (citing Loftus v. Se. Pa. Transp. Auth, 8 F. Supp.2d 464, 468 (E.D. Pa. 1998), aff'd, 187 F.3d 626 (3rd Cir. 1999); SEC v. Musella, 818 F. Supp. 600, 602 (S.D.N.Y 1993)("When a party is absolutely unable to comply due to poverty or insolvency, inability to comply is a complete defense. Otherwise, the party must pay what [it] can.")).

Here, Defendants raised the defense of a "present inability to pay" both in briefing and at the contempt hearing. (ECF No. 215, 5-8). Defendants' brief in opposition to Plaintiff's motion for contempt was accompanied by the affidavit of R. Geoffrey Broderick, on behalf of himself and The Resolution Law Group, P.C. ("RLG"), wherein Mr. Broderick attested to the current financial condition of himself and RLG. (ECF No. 215-1). However, the submission of an affidavit, unsupported by specific credible facts or supporting documentation, does not meet the burden of establishing a present inability to comply. See Butler, 211 F.3d at 833 (wherein Butler "submit[ed] an affidavit attesting to his present economic status and inability to pay the $350,000," yet, "to purge himself of contempt, [Butler] had to produce evidence of his inability to comply with the turnover order. His submission of an affidavit did not meet that burden; his testimony did."); also Rylander, 460 U.S. at 758 (finding the defendant's ex parte affidavit and uncrossexamined testimony were properly disregarded by the

5

District Court). As such, Mr. Broderick chose to testify during the February 21, contempt hearing; however, his testimony likewise failed to satisfy Defendants' burden of proving a "present inability to pay." Specifically, Mr. Broderick could not testify to specific amounts of funds available to himself or RLG nor did Defendants provide any financial documentation supporting his affidavit and testimony regarding Defendants' poor financial straits. For example, no official bank statements or account records were provided. Further, neither Mr. Broderick's testimony nor Defendants' briefing suggested that Defendants' were unable to comply in <u>any</u> manner with the Court's order. In fact, Mr. Broderick's testimony and Defendants' briefing proffered that, on December 12, 2013 (the day before payment was due), Defendants inquired to Plaintiff about establishing a payment plan. (ECF No. 215, 4-5). This contradicts Defendants' "present inability to pay" defense and indicates that Defendants could have complied with the Court's order to the extent their finances would allow, yet, Defendants paid nothing. See <u>SBM Inv. Certificates</u>, 2012 WL 706999 at *11. Mr. Broderick similarly could not explain what "reasonable efforts" were taken to avoid violating the Court's order. In particular, Mr. Broderick's testimony was extremely general and it was unclear to the Court what steps, if any, were actually taken by Defendants to raise or seek funds prior to violating

the December 4, Order. Further, and most telling, Plaintiff's cross examination of Mr. Broderick revealed bank records demonstrating that Defendants received client fees in excess of $2.6 million dollars between 2011 and 2013. Defendants made no accounting of this enormous sum of money; yet, Mr. Broderick testified that Defendants could not pay the substantially lesser sum of $23,221.00.

Having considered the evidence introduced the parties, in particular the highly probative and uncontroverted evidence that Defendants received in excess of $2.6 million dollars in fees between 2011 and 2013, the Court concluded that Defendants failed satisfy their burden of proving the defense of a "present inability to pay." As such, Defendants failed to purge themselves of civil contempt.

Upon a finding of civil contempt, the court has the inherent authority to impose fines or prison sentences.[1] See Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 537 (D. Md. 2010) (citing United States v. Hudson, 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812)). As indicated in the February 21, contempt hearing, the Court ordered briefing from the parties regarding the appropriate remedy for the contempt of

---

[1] In order for a sentence of imprisonment to qualify as civil contempt, the sentence must be "remedial," meaning the defendant must stand committed unless and until he performs the affirmative act required by the court's order; a sentence of imprisonment for a definite period is "punitive," and thus is criminal contempt. Hicks v. Feiock, 485 U.S. 624, 632 (1988).

Defendants. (ECF No. 233). The parties supplied the ordered briefing (ECF Nos. 239, 247) and on April 9, 2014, the Court held a hearing on the appropriate remedy for Defendants' contempt, as well as Plaintiff's pending motion for sanctions (ECF No. 238). (ECF No. 253).

On April 15, 2014, Defendants filed with the Court their status report regarding discovery sanctions (ECF No. 255), indicating that Defendants tendered to Plaintiff's counsel Mastercard payments totaling $23,781.95, representing payment in full of the ordered sanction, plus the credit card processing fee. On April 22, 2014, Defendants filed their motion to purge contempt (ECF No. 256), which included evidence of Plaintiff's receipt of the funds tendered by Defendants.

**II. Motion to Purge Civil Contempt**

As explained supra, contempt sanctions may be civil or criminal, depending on the nature of the sanctions. Buffington, 913 F.2d at 133. A sanction crafted as "remedial and intended to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained" is civil. Id. On the other hand, relief which "seeks to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct" is a criminal contempt sanction. Upon a finding of civil contempt, such as the contempt of

Defendants in this case, the Court has the inherent authority to impose sanctions, including fines or prison sentences. See Victor Stanley, 269 F.R.D. at 537 (citations omitted).

Because civil contempt is a remedial remedy that by nature is intended to coerce the contemnor into compliance with court orders, the contemnor may purge his or her contempt through the affirmative act required by the court's order. Hicks, 485 U.S. at 631-32; Buffington, 913 F.2d at 133-34. A sanction imposed following compliance would be punitive, and thus, a remedy for criminal contempt. Here, Defendants have tendered payment of $23,221.00 (plus $560.95 in credit card processing fees) to Plaintiff's counsel, effectively taking the affirmative act required by the Court's December 4, 2013, Order (ECF No. 191), the source of Defendants' civil contempt. As such, the Court orders that Defendants have purged their contempt.

## III. Conclusion

In accordance with the foregoing, Defendants' motion to purge civil contempt (ECF No. 256) is GRANTED.

Date: __4/28/2014__   _____/s/_____
                      Susan K. Gauvey
                      United States Magistrate Judge