```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

FIRST MARINER BANK                *

            Plaintiff             *

        vs.                       *   CIVIL ACTION NO. MJG-12-1133

THE RESOLUTION LAW GROUP, P.C.,   *
et al.
                                  *
            Defendants
*      *      *      *      *      *      *      *      *
```

## MEMORANDUM AND ORDER RE: COSTS AND FEES

The Court has before it Plaintiff First Mariner Bank's Statement Of Remedies Sought Against Defendant Robert Geoffrey Broderick, Jr. [ECF No. 293], docketed as a Motion for Default Judgment, and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

I.  BACKGROUND

In the Order Adopting Magistrate Judge's Recommendation [ECF No. 282], the Court stated:

   1.  Plaintiff's Motion for Sanctions [Document 238] is GRANTED.

   2.  Judgment by Default shall be entered against Defendants as to all counts of Plaintiff's Amended Complaint [Document 31].

   3.  By December 17, 2014, Plaintiff shall submit a statement of the remedies sought, including damages, costs, and fees with supporting documentation.

1

Plaintiff, First Mariner Bank ("First Mariner"), has submitted its statement of remedies sought against Defendant, Robert Geoffrey Broderick, Jr. ("Broderick"), and Broderick has filed a response.

II.  DISCUSSION

The Court has, as noted above, granted First Mariner judgment by default on its claims against Broderick for false advertising in violation of the Lanham Act (15 U.S.C. § 1125(a)), unfair competition, and defamation.

   A.  Injunction

The Court, has authority to "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent . . . a violation under subsection (a), (c), or (d) of section 1125 of this title."  15 U.S.C. § 1116.

First Mariner seeks an injunction prohibiting Broderick from making false statements about First Mariner.  Broderick does not oppose the granting of this relief.

The Court, finding injunctive relief appropriate and unopposed, shall issue an injunction as sought by First Mariner.

B.  Damages

1.  Compensatory

The Lanham Act, 15 U.S.C. § 1117(a) provides, in pertinent part:

> When a violation of . . . section 1125 (a) . . . shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled . . . to recover . . .
>
> (2) any damages sustained by the plaintiff . . . .

First Mariner seeks compensatory damages of $105,000.00, constituting the interest that it would have earned on a specified mortgage refinancing loan.

First Mariner has not, however, established that it sustained any actual financial damage because of its failure to finance the specified loan.  Rather, First Mariner retained the funds that it would have used for that transaction and has not shown that it was unable to use those funds to generate equivalent interest income in another transaction.  Therefore, the Court shall not award First Mariner any compensatory damages.

The Court is not finding that Broderick caused First Mariner no damage at all. Indeed, his unwarranted actions caused substantial reputational damage. Nevertheless, in the absence of

3

evidence permitting a quantification of the amount of damages, there shall be no compensatory damages award.

### 2. Punitive Damages

The Court finds that Broderick's conduct would warrant an award of punitive damages. However, in the absence of any award of compensatory damages, the Court shall not award punitive damages.

## C. Costs and Fees

### 1. Costs

The Lanham Act, 15 U.S.C. § 1117(a) provides, in pertinent part:

> When a violation of . . . section 1125 (a) . . . shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled . . . to recover . . .
>
> (3) the costs of the action.

First Mariner has submitted a statement of costs (excluding legal fees) totaling $20,387.34. Broderick does not object to specific costs but states, generally, that "much of what plaintiff claims as costs, while taxable under Local Rule Appendix B, 1, would not be taxable under 28 U.S.C. sec. 1920 and Fed. R. Civ. P. 54(d)." Response 17, ECF No. 297.

4

Broderick further states, without specification:

> Indeed, Local Rule Appendix B, 1 may be prohibited by 28 U.S.C. sec. 1920. The statute states that the court may include as costs certain items. The statute does not allow for the additional items permitted under the Local Rule. The inconsistency must be resolved in favor of the statute.

Id. at 18.

The Court finds Broderick's generalized objections insufficient to raise genuine issues as to the allowable costs and shall not reduce First Mariner's requested cost award.

Broderick refers to the "great disparity between the financial situations of plaintiff and defendant. . . ." Id.  The Court finds this matter immaterial.

### 2. Legal Fees

The Lanham Act, 15 U.S.C. § 1117(a) provides, in pertinent part:

> When a violation of . . . section 1125 (a) . . . shall have been established in any civil action arising under this chapter . . . . The court in exceptional cases may award reasonable attorney fees to the prevailing party.

The Court finds the instant case to be an "exceptional case" warranting a legal fee award.

The United States Court of Appeals for the Fourth Circuit has held that a prevailing plaintiff may be awarded attorney's fees under the Lanham Act provision. See, e.g., Retail Servs., Inc. v. Freebies Publ'g, 364 F.3d 535, 550 (4th Cir. 2004). The term "exceptional" is not defined in the statute.

In Georgia-Pac. Consumer Products LP v. Von Drehle Corp., 781 F.3d 710 (4th Cir. 2015), as amended (Apr. 15, 2015), a trademark infringement case,[1] the United States Court of Appeals for the Fourth Circuit stated:

> [W]e conclude that a district court may find a case "exceptional" and therefore award attorneys [sic] fees to the prevailing party under § 1117(a) when it determines, in light of the totality of the circumstances, that (1) "there is an unusual discrepancy in the merits of the positions taken by the parties," based on the non-prevailing party's position as either frivolous or objectively unreasonable, (2) the non-prevailing party "has litigated the case in an 'unreasonable manner,'"; or (3) there is otherwise "the need in particular circumstances to advance considerations of compensation and deterrence."

Id. at 721 (quoting Octane Fitness, 134 S. Ct. at 1756 n.6, and Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 315 (3d Cir. 2014)).

---

[1]   In Octane Fitness, LLC v. ICON Health & Fitness, Inc., ---U.S. ----, 134 S. Ct. 1749 (2014), a patent infringement case, the Supreme Court lowered the burden for proving that a case was exceptional under the Patent Act.

The Court finds that Broderick's position in the instant case had no reasonable basis.  Moreover, Broderick's conduct of the litigation was beneath any reasonable standard.  Accordingly, the Court hereby exercises its discretion and determines, considering the totality of the circumstances, that the instant case is "exceptional" as that term is used in 15 U.S.C. § 1117(a).

District courts have wide discretion to determine the amount of legal fees upon a determination that a case is exceptional.  See, e.g., Mercer v. Duke Univ., 401 F.3d 199, 211 (4th Cir. 2005) ("We have made it clear that the determination of a reasonable attorney's fee award is a decision for the district court to make, and the district court has broad discretion in that regard . . . ."); Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628 (4th Cir. 1995) ("It is for the district court in the first instance to calculate an appropriate award of attorney's fees.").

First Mariner seeks an award of $377,577.50 of legal fees and Broderick objected to $58,980.00[2] of these.  In the absence of a reply by First Mariner, the Court will accept all of Broderick's objections, reducing First Mariner's fee award request to $318,597.50.

---

[2]   Response 16, ECF No. 297.

The Court does not accept the argument that imposition of the fee award would have a "chilling" effect on members of the Bar who seek to present cases in a professional manner. Broderick did not behave as such a member of the bar.

III. CONCLUSION

For the foregoing reasons:

1. Plaintiff First Mariner Bank's Statement Of Remedies Sought Against Defendant Robert Geoffrey Broderick, Jr. [ECF No. 293] docketed as a Motion for Default Judgment is GRANTED IN PART.
2. The Court shall issue an injunction prohibiting Broderick from making false statements about First Mariner.
    a. First Mariner shall submit a proposed injunction by September 18, 2015.
    b. Broderick shall file any objection by October 2, 2015.
3. The Court hereby awards Plaintiff, First Mariner Bank, legal fees of 318,597.50, and other costs of $20,387.34 for a total of $338,984.84.
4. Judgment shall be entered by separate Order.

SO ORDERED, on Tuesday, September 8, 2015.

/s/
Marvin J. Garbis
United States District Judge